# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:21-cv-03190 (RDM) |
| U.S. FOOD AND DRUG ADMINISTRATION and DR. ROBERT CALIFF, in his official capacity as Commissioner of the U.S. Food and Drug Administration, | **PLAINTIFFS' MOTION TO STAY LITIGATION** |
| *Defendants*. | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii
INTRODUCTION .......................................................................................................................... 1
BACKGROUND ............................................................................................................................ 2
    I.    The 2016 Petitions to Restrict Phthalate Use in Food Contact Materials ............... 2
    II.   FDA's 2022 Denials of the 2016 Petitions and Subsequent Actions ...................... 4
    III.  Subsequent Proceedings Before This Court ............................................................ 6
LEGAL STANDARD ..................................................................................................................... 7
ARGUMENT .................................................................................................................................. 8
    I.    Judicial Economy Favors a Stay ............................................................................. 9
    II.   Defendants Face No Hardship from a Stay, but Plaintiffs Would Be Harmed by Being Required to Move Forward at This Juncture ............................................. 11
CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

*Authorities upon which we chiefly rely are marked with an asterisk.

**Cases**

*9REN Holding S.A.R.L. v. Kingdom of Spain*,
  No. 19-cv-01871, 2020 WL 5816012 (D.D.C. Sept. 30, 2020) ................................................. 9
*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
  668 F.3d 724 (D.C. Cir. 2012) ............................................................................................ 7, 11
*Bridgeport Hosp. v. Sebelius*, No. 09-cv-1344,
  2011 WL 862250 (D.D.C. Mar. 10, 2011) ............................................................................... 9
*Clinton v. Jones*,
  520 U.S. 681 (1997) .............................................................................................................. 7, 8
*Ctr. for Biological Diversity v. Ross*,
  419 F. Supp. 3d 16 (D.D.C. 2019) ........................................................................................ 7–8
**Hulley Enters. Ltd. v. Russian Fed'n*,
  211 F. Supp. 3d 269 (D.D.C. 2016) ......................................................................................... 8
*IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Ams.*,
  402 F. Supp. 2d 289 (D.D.C. 2005) ......................................................................................... 9
**Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .............................................................................................................. 7, 8
*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ................................................................................................ 8, 9
*Nat'l PFAS Contamination Coal. v. EPA*,
  No. 22-132, 2023 WL 22078 (D.D.C. Jan. 3, 2023) ................................................................ 8
*Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*,
  274 B.R. 1 (D.D.C. 2002) ........................................................................................................ 9
*P.J.E.S. ex rel. Francisco v. Mayorkas*,
  652 F. Supp. 3d 103 (D.D.C. 2023) ......................................................................................... 9

**Statutes**

21 U.S.C. § 321(s)(4) ...................................................................................................................... 3
21 U.S.C. § 348 ............................................................................................................................... 2
21 U.S.C. § 348(a) .......................................................................................................................... 2
21 U.S.C. § 348(b) .......................................................................................................................... 2
21 U.S.C. § 348(c) .......................................................................................................................... 2
21 U.S.C. § 348(c)(5)(B) ..................................................................................................... 4, 10, 12
21 U.S.C. § 348(g)(1) ................................................................................................................... 11

**Regulations**

Natural Resources Defense Council, et al., Denial of Food Additive Petition; Denial Without
  Prejudice of Food Additive Petition, 87 Fed. Reg. 31,066 (May 20, 2022) ............................. 4

**Local Rules**

Local Civil Rule 7(m) ..................................................................................................................... 2

# INTRODUCTION

Plaintiffs Environmental Defense Fund, Learning Disabilities Association of America, Center for Food Safety, Center for Environmental Health, Center for Science in the Public Interest, Breast Cancer Prevention Partners, Defend Our Health, and Alaska Community Action on Toxics (collectively, "Plaintiffs"), respectfully move this Court to stay this litigation pending resolution of an ongoing administrative proceeding before defendant U.S. Food and Drug Administration ("FDA") that raises legal and factual issues that overlap substantially with the issues in this case.

As the Court is aware, this case challenges (1) FDA's 2022 decision denying Plaintiffs' 2016 "citizen petition" to revoke a subset of FDA's authorizations for use of chemicals known as phthalates in food contact materials and prospectively ban such uses of specific phthalates, and (2) FDA's 2023 decision denying Plaintiffs' petition for reconsideration of the citizen petition denial. *See generally* ECF No. 33 (Am. Compl. for Declaratory & Injunctive Relief (Nov. 22, 2023)). Still pending before FDA are Plaintiffs' administrative objections seeking reconsideration of FDA's 2022 decision denying Plaintiffs' related 2016 "food additive petition," which seeks revocation of all FDA food additive regulations authorizing uses of phthalates in food contact materials. The citizen petition and food additive petition—and the litigation and administrative proceedings concerning them—address an overlapping set of phthalates, involve substantially identical administrative records, and raise many of the same legal and factual issues. As a result, FDA's resolution of Plaintiffs' objections may narrow or alter the claims or arguments that Plaintiffs seek to advance in this litigation. The requested stay would best conserve the resources of the parties and the Court by deferring litigation on the merits of Plaintiffs' claims concerning FDA's decisions on the citizen petition and related petition for

reconsideration until Plaintiffs have certainty regarding the regulatory status of the chemicals at issue and the claims and arguments they will advance in this case.

Therefore, Plaintiffs respectfully request that the Court enter an order staying all proceedings in this case and directing Plaintiffs to file a status report proposing next steps in this litigation within fourteen days of FDA's decision on Plaintiffs' objections. Counsel for Plaintiffs have conferred with counsel for Defendants pursuant to Local Civil Rule 7(m), and Defendants reserve their position on this motion.

## BACKGROUND

### I. The 2016 Petitions to Restrict Phthalate Use in Food Contact Materials

In 2016, six of the Plaintiffs and allied groups (collectively, the "Food Safety Groups") launched an effort to compel FDA to revoke its authorizations for use of phthalates in food contact materials and to prospectively ban eight phthalates that the Consumer Product Safety Commission's ("CPSC's") expert panel concluded are not safe for use in children's products. *See* ECF No. 33 at 4–9, 23–25 (Am. Compl. ¶¶ 9–14, 68, 71–72). The Food Safety Groups did so initially through a food additive petition under section 409 of the Federal Food, Drug, and Cosmetic Act (the "Food Act"), 21 U.S.C. § 348, which permits any person to petition FDA to amend or repeal a food additive authorization based on evidence that the authorization does not satisfy the Food Act's safety standard. *See* ECF No. 33 at 23 (Am. Compl. ¶ 68); 21 U.S.C. § 348(b) (prescribing food additive petition procedure); *id.* § 348(a), (c) (articulating safety standard). The food additive petition asked FDA to (1) repeal its authorizations for use of phthalates in food contact materials, including FDA's authorizations for five phthalates that are

2

classified as "prior-sanctioned substances,"[1] and (2) prohibit future food contact uses of eight specific phthalates that the CPSC's expert panel concluded are not safe for use in children's products. See ECF No. 33 at 23 (Am. Compl. ¶ 68).

FDA accepted for filing the portion of the food additive petition requesting revocation of FDA's existing regulations authorizing food additive uses of certain phthalates. *Id.* at 24 (Am. Compl. ¶ 70). FDA did not, however, accept for filing the portions of the food additive petition that requested (1) revocation of FDA's authorizations for the use of five phthalates that are on FDA's list of prior-sanctioned substances, and (2) promulgation of new regulations banning future food contact uses of the phthalates that the CPSC's expert panel concluded are not safe for use in children's products. *See id.* FDA asserted that these two requests needed to be resubmitted in a separate citizen petition, which is subject to procedures for FDA and judicial review that are different from those that apply to food additive petitions. *Id.* (Am. Compl. ¶ 71).

Shortly thereafter, the Food Safety Groups refiled these two requests in a citizen petition as FDA directed. *Id.* at 24–25 (Am. Compl. ¶¶ 71–72). The citizen petition attached the food additive petition and incorporated by reference the reasoning and evidence set forth in the food additive petition. *Id.* (Am. Compl. ¶ 72).

The as-filed food additive petition and the citizen petition concern overlapping sets of phthalates, and they both ask FDA to modify the regulatory status of phthalates based on evidence that the chemicals' use in food contact materials is not safe under the standards in the Food Act and FDA's regulations. See ECF No. 1-1 at 12–28 (Nat. Res. Def. Council et al., *Food Additive Petition Regarding 30 Ortho-Phthalates Submitted to FDA Pursuant to 21 U.S.C. § 348*

---

[1] "Prior-sanctioned substances" are chemicals approved by FDA for use in food or food packaging before September 6, 1958 and are excluded from the statutory definition of "food additive." 21 U.S.C. § 321(s)(4).

(Mar. 18, 2016) ("Food Additive Petition")); ECF No. 1-1 at 87–88 (Breast Cancer Fund et al., *Citizen Petition Requesting That FDA Remove Its Prior Sanction of Five Ortho-Phthalates and Ban Eight Ortho-Phthalates* (Apr. 19, 2016) ("Citizen Petition")). Since the petitions were initially filed in 2016, the regulatory landscape has shifted such that nine phthalates—all of which are addressed in one or both petitions—are now authorized by FDA's regulations for food contact use. *See* ECF No. 33 at 26–27 (Am. Compl. ¶¶ 79–80). Of those nine phthalates, three—dicyclohexyl phthalate, di(2-ethylhexyl) phthalate, and diisononyl phthalate—are addressed in both petitions. *See* ECF No. 1-1 at 12, 30–32 (Food Additive Petition); ECF No. 1-1 at 87–88 (Citizen Petition); ECF No. 33 at 26–27 (Am. Compl. ¶¶ 79–80). Further, because Plaintiffs assert that FDA's safety evaluations in response to the petitions must consider the cumulative health risks posed by all "chemically or pharmacologically related" phthalates present in the diet, 21 U.S.C. § 348(c)(5)(B), there is additional overlap in the set of substances that are relevant to both petitions.

## II.  FDA's 2022 Denials of the 2016 Petitions and Subsequent Actions

In May of 2022, after Plaintiffs sued FDA for unlawful delays in acting on the 2016 citizen petition and food additive petition, *see* ECF No. 1 (Compl. (Dec. 7, 2021)); Petition for Writ of Mandamus, *In re Env't Def. Fund*, No. 21-1255 (D.C. Cir. Dec. 7, 2021), Doc. No. 1926652, FDA denied both petitions, *see* ECF No. 33-1 at 5–18 (Letter from Leslie Kux, FDA, to Nancy Buermeyer, Breast Cancer Prevention Partners, & Tom Neltner, Env't Def. Fund (May 12, 2022) ("CP Response")) (denying citizen petition); Natural Resources Defense Council, et al., Denial of Food Additive Petition; Denial Without Prejudice of Food Additive Petition, 87 Fed. Reg. 31,066 (May 20, 2022) (denying food additive petition). To justify its decision denying the citizen petition, FDA expressly incorporated its denial of the food additive petition, ECF No. 33-1 at 6 n.3 (CP Response), and concluded that the administrative record—including

4

information contained in and relied upon by the food additive petition—did not justify the regulatory changes sought in the citizen petition, *id.* at 11 (CP Response).

On June 21, 2022, Plaintiffs filed a petition for reconsideration of the citizen petition denial with FDA. ECF No. 33 at 29 (Am. Compl. ¶ 87). This Court granted Plaintiffs' unopposed request to leave in place a stay of this litigation pending resolution of that reconsideration petition. Minute Order (June 10, 2022). Also on June 21, 2022, Plaintiffs submitted objections to FDA's denial of the food additive petition; those objections are still pending more than seventeen months after Plaintiffs filed them. ECF No. 33 at 31–32 (Am. Compl. ¶¶ 91–92).

Plaintiffs' petition for reconsideration of the citizen petition denial and Plaintiffs' objections to the food additive petition denial raise many of the same legal issues. For example, in both contexts, Plaintiffs argued that FDA did not adequately consider and apply the correct legal standards for reevaluating the safety of chemicals approved for food contact use in light of new scientific evidence. *See id.* at 29–31 (Am. Compl. ¶¶ 88, 91). Plaintiffs also argued in both contexts that FDA failed to discharge its legal duty to assess the cumulative health risks posed by multiple chemically or pharmacologically related phthalates in the diet. *See id*. at 30–32 (Am. Compl. ¶¶ 88, 91). The petition for reconsideration and objections both also take issue with how FDA evaluated the evidence before it. For example, in both contexts, Plaintiffs argued that FDA did not adequately consider information in the administrative record, including the CPSC expert panel's report on phthalates' hazards and exposure sources, as well as dozens of peer-reviewed studies linking exposure to phthalates to adverse health outcomes. *See id.* at 29–31 (Am. Compl. ¶¶ 88, 91); ECF No. 33-1 at 95–102, 124–30 (Objections and Request for Evidentiary Public Hearing Regarding FDA's Denial of Phthalates Food Additive Petition (FAP 6B4815), Docket No. FDA-2016-F-1253 (June 21, 2022) ("Objections")).

5

On July 21, 2023, FDA denied Plaintiffs' request for reconsideration of the citizen petition denial, again relying on its denial of the food additive petition to support its decision. *See* ECF No. 33-1 at 59 n.6, 60 & n.9, 66, 75–76 (Letter from Lauren Roth, FDA, to Katherine O'Brien & Rashmi Joglekar, Earthjustice (July 21, 2023) ("CP Reconsideration Denial")). As noted, FDA has not yet responded to Plaintiffs' objections. ECF No. 33 at 32 (Am. Compl. ¶ 92).

### III. Subsequent Proceedings Before This Court

This litigation remained stayed while FDA evaluated Plaintiffs' petition for reconsideration of the citizen petition denial. *See* Minute Order (Dec. 14, 2022); Minute Order (Mar. 6, 2023); Minute Order (June 2, 2023). After FDA denied Plaintiffs' petition for reconsideration, Plaintiffs requested that the case remain stayed in light of FDA's ongoing consideration of the pending objections to its denial of Plaintiffs' food additive petition. ECF No. 30 (Pls.' Status Rep. (Sept. 8, 2023)). Plaintiffs explained that "the objections—and FDA's forthcoming decision granting or denying them—involve issues and evidence that overlap substantially with the issues and evidence involved in the related 'citizen petition' proceedings at issue in this case," such that proceeding with amendment or voluntary dismissal of Plaintiffs' complaint before obtaining FDA's decision on the objections could waste the resources of the parties and the Court. *Id.* at 1; *see also id.* at 2. Defendants opposed the request to maintain the stay of the litigation, emphasizing that the claim for unreasonable delay in Plaintiffs' original complaint was mooted by FDA's decision denying the citizen petition. ECF No. 31 (Defs.' Resp. to Pls.' Status Rep. (Sept. 15, 2023)).

The Court held a status conference on October 3, 2023, during which it heard from counsel for the parties regarding whether a stay was warranted at that time. At the conference, the Court suggested that, if Plaintiffs elected to amend their complaint to challenge the merits of the citizen petition and reconsideration petition denials, a stay of proceedings pending FDA's

6

decision on the objections may be justified in light of the interrelatedness of the decisions. *See* Tr. of Status Conf. (Oct. 3, 2023) at 9:5–22. The Court then directed Plaintiffs to advise the Court whether, if the stay were lifted, they planned to dismiss the case or amend their complaint. *Id.* at 27:14–22; Minute Order (Oct. 4, 2023). Following the status conference, Plaintiffs notified the Court of their intent to file an amended complaint upon lifting of the stay. ECF. No. 32 (Pls.' Notice of Intent (Oct. 24, 2023)).

On November 22, 2023, Plaintiffs filed an amended complaint, alleging that it was arbitrary, capricious, and contrary to law for FDA to deny Plaintiffs' 2016 citizen petition and related request for reconsideration and seeking a court order declaring unlawful and setting aside those decisions. *See* ECF No. 33 at 32–35 (Am. Compl. ¶¶ 93–104, p. 34). Defendants' deadline for responding to the amended complaint is stayed pending further order of the Court. Minute Order (Nov. 27, 2023).

## LEGAL STANDARD

A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In considering whether to issue a stay, a district court must "engage in the interest balancing required by *Landis*, which calls for the district court, in 'the exercise of judgment,' to 'weigh competing interests and maintain an even balance,' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (internal citation omitted) (quoting *Landis*, 299 U.S. at 254–55, 259). Courts in this district have interpreted this to require consideration of three factors: (1) harm to the nonmoving party if a stay is issued; (2) harm to the moving party if a stay is not issued; and (3) whether a stay would promote the efficient use of the Court's resources. *See, e.g.*, *Ctr. for Biological Diversity v. Ross*,

7

419 F. Supp. 3d 16, 20 (D.D.C. 2019); *Nat'l PFAS Contamination Coal. v. EPA*, No. 22-132, 2023 WL 22078, at *3 (D.D.C. Jan. 3, 2023); *cf. Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 280 (D.D.C. 2016) (explaining that, in deciding whether to stay a case, the court "tak[es] into consideration the benefits of a stay, the hardship to the movant of denying a stay, and any injury to the nonmovant from issuing a stay"). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

"Th[e] power to issue a stay may be appropriately exercised where a separate proceeding bearing upon the case is pending." *Hulley Enters. Ltd.*, 211 F. Supp. 3d at 276. This holds true even if the separate proceeding does not address issues that "are necessarily controlling of the action before the court." *Id.* (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). "[A] stay may be warranted where the resolution of other [proceedings] will likely 'narrow the issues in the pending case[] and assist in the determination of the questions of law involved.'" *Id.* (quoting *Landis*, 299 U.S. at 253).

## ARGUMENT

Plaintiffs seek to stay this litigation while FDA finalizes its decision on Plaintiffs' objections to the food additive petition denial. Plaintiffs' objections raise arguments that overlap substantially with the arguments raised by Plaintiffs in this case and rest on an administrative record that is substantially identical to the record in this case. Further, FDA's resolution of the objections may alter both the regulatory status of phthalates at issue in this case and FDA's decision denying the food additive petition, on which the citizen petition denial challenged in this case relies.

The requested stay would preserve the Court's and the parties' resources by avoiding litigation on a complaint that will likely require further amendment following FDA's decision on the objections. It also would impose no hardship on Defendants, whose defense of the citizen

8

petition denial would simply be deferred for the duration of the stay. Indeed, the stay would benefit Defendants by avoiding the waste of their resources that would attend litigating the merits of a complaint that Plaintiffs likely will seek to amend again.

**I.      Judicial Economy Favors a Stay**

The Court's resources would be preserved by staying this litigation until FDA resolves Plaintiffs' pending objections. As multiple courts in this District have explained, "[l]itigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests regarding time, cost, and effort." *Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, 274 B.R. 1, 3 (D.D.C. 2002); *see also 9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 19-cv-01871, 2020 WL 5816012, at *2 (D.D.C. Sept. 30, 2020) (concluding that the court's interest in judicial economy favored a stay where the same arguments were raised in the court as in an arbitral tribunal). Accordingly, this Court may properly stay proceedings before it "pending resolution of independent proceedings which bear upon the case" where doing so "is efficient for [the court's] own docket and the fairest course for the parties." *IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (quoting *Leyva*, 593 F.2d at 863–64). A stay is justified "even where the parallel proceedings 'may not settle every question of fact and law,' but would settle some outstanding issues and simplify others." *P.J.E.S. ex rel. Francisco v. Mayorkas*, 652 F. Supp. 3d 103, 111 (D.D.C. 2023) (quoting *Bridgeport Hosp. v. Sebelius*, No. 09-cv-1344, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011)).

Here, the litigation concerning Plaintiffs' citizen petition and the pending objections proceeding concerning the food additive petition raise substantially overlapping legal and factual issues. For example, in both proceedings, Plaintiffs argue that FDA violated its obligations under the Food Act to consider the cumulative health effects of consuming multiple related phthalates

9

when evaluating whether the use of specific phthalates in food contact materials is safe. *See* ECF No. 33-1 at 47–51 (Env't Def. Fund et al., Petition for Reconsideration, Docket No. FDA-2016-P-1171 (June 21, 2022) ("CP Reconsideration Petition")) (arguing that FDA failed to consider the cumulative effects of related phthalates, in violation of 21 U.S.C. § 348(c)(5)(B)); ECF No. 33-1 at 103–11 (Objections) (same). Indeed, in both contexts Plaintiffs present arguments concerning the relatedness of several of the same specific phthalates and the need for FDA to consider those substances' cumulative effects. *See* ECF No. 33-1 at 47–48 (CP Reconsideration Petition) (arguing that FDA failed to consider the relatedness and cumulative effects of the phthalates diisononyl phthalate, dicyclohexyl phthalate, diisooctyl phtahalte, and di(2-ethylhexyl) phthalate); ECF No. 33-1 at 113–15 (Objections) (same). And in both proceedings, Plaintiffs argue that FDA arbitrarily disregarded the findings of the CPSC's expert panel on phthalates that diet is the primary source of exposure to relevant phthalates for many segments of the population. *See* ECF No. 33-1 at 30–32 (CP Reconsideration Petition); ECF No. 33-1 at 124–26 (Objections).

Indeed, FDA repeatedly invoked and incorporated its decision denying the food additive petition to justify its decisions denying the citizen petition and petition for consideration. *See, e.g.*, ECF No. 33-1 at 6 n.3, 15 (CP Response); ECF No. 33-1 at 59 n.6, 60 & n.9, 66, 75–76 (CP Reconsideration Denial). Accordingly, if FDA grants Plaintiffs' objections, or resolves them in a way that is inconsistent with its decisions denying the citizen petition and reconsideration petition, that may affect the validity of the decisions under review in this Court or, at a minimum, alter the arguments that are appropriate for Plaintiffs to pursue before this Court. Moreover, if FDA grants Plaintiffs' objections in whole or in part, that may alter the regulatory status of phthalates at issue in this litigation, which would necessitate further amendment of Plaintiffs'

10

complaint to account for the regulatory change and to potentially modify Plaintiffs' claims or arguments to reflect the changed regulatory landscape. Alternatively, if FDA denies Plaintiffs' objections, Plaintiffs may seek to stay this litigation to pursue a challenge to FDA's denial of the objections in the U.S. Court of Appeals for the D.C. Circuit, which would have exclusive jurisdiction to review that decision, 21 U.S.C. § 348(g)(1), and may be asked to decide some of the very issues that are before this Court.

In either event, the time and resources spent litigating the merits of the claims presented in Plaintiffs' amended complaint would be wasted. The more efficient course—for the Court as well as for the parties in this case—is to stay the current litigation and direct Plaintiffs to propose next steps once FDA has issued its decision on Plaintiffs' objections to the food additive petition denial, at which point Plaintiffs can make a fully informed decision regarding the claims and arguments to pursue in this Court.

## II. Defendants Face No Hardship from a Stay, but Plaintiffs Would Be Harmed by Being Required to Move Forward at This Juncture

In addition to promoting judicial economy, staying the proceedings would avoid harm to the Plaintiffs and would cause no harm to Defendants. *See Belize Soc. Dev. Ltd.*, 668 F.3d at 732–33 (affirming that court evaluating stay request must weigh parties' competing interests). Defendants will face no hardship from a stay of proceedings while FDA finalizes its response to Plaintiffs' objections—the timing of which is in FDA's sole control. Plaintiffs, however, would be harmed by having to move forward with this litigation while the closely related objections proceeding is still pending. First, as explained *supra*, Plaintiffs' resources would be wasted by having to proceed with litigation on a complaint that likely will require further amendment. In addition, Plaintiffs could be prejudiced by having to advance arguments on the merits of the overlapping factual and legal issues that may no longer be relevant following FDA's

11

forthcoming decision on Plaintiffs' objections to the food additive petition denial. For example, if FDA grants Plaintiffs' objections in whole or in part and revokes its authorizations for phthalates that are either addressed in the citizen petition or are "related" to those phthalates within the meaning of the Food Act, 21 U.S.C. § 348(c)(5)(B), Plaintiffs would need to account for that in advancing their arguments in this litigation regarding the group of phthalates for which FDA is required to conduct a cumulative effects analysis. Plaintiffs would be prejudiced if briefing on their cumulative effects argument were underway in this Court at the time that FDA issued a decision on the objections that altered the factual or legal context for that argument.

In sum, because Plaintiffs would be harmed by being required to proceed with litigation at this juncture and Defendants would not be harmed by the requested stay, Plaintiffs' stay request should be granted.

## CONCLUSION

This Court has broad authority to stay proceedings before it pending resolution of related proceedings elsewhere, and the balance of equities in this case favors a stay. Therefore, Plaintiffs respectfully request that the Court stay all proceedings in this case and direct Plaintiffs to file a status report proposing next steps in this litigation within fourteen days of FDA's decision on Plaintiffs' pending objections.

Respectfully submitted this 1st day of December, 2023.

/s/Kelly E. Lester
Katherine K. O'Brien
D.C. Bar ID ME0003
Earthjustice
P.O. Box 2297
South Portland, ME 04116
(212) 284-8036
kobrien@earthjustice.org

Kelly E. Lester
D.C. Bar ID NY0498
Earthjustice
48 Wall Street, 19th Floor
New York, NY 10005
(332) 251-0243
klester@earthjustice.org

*Counsel for Plaintiffs*